UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERIBERTO MORALES,

    Petitioner,

v.

D.B. DREW *et al.*,

    Respondents.

Civil Action No. 08-0691 (JDB)

MEMORANDUM OPINION

Petitioner, a prisoner at the Federal Correctional Complex USP 2 in Coleman, Florida, has applied for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Upon consideration of the petition, the Court will dismiss the case for lack of jurisdiction.

Petitioner challenges his judgment of conviction, entered August 30, 2002 by the United States District Court for the Northern District of Texas; he claims that he is unlawfully imprisoned because he was tricked and fraudulently induced into pleading guilty. (Pet. at 2.) Petitioner has already challenged this conviction by motion under 28 U.S.C. § 2255 submitted to the United States District Court for the Northern District of Texas, and by petition under § 2241 submitted to the United States Court of Appeals for the Fifth Circuit. (*Id.* at 3.)

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears . . . that . . . the court which sentenced him . . . has denied him relief [on such motion], unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See also Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). A § 2255 remedy "is not

considered inadequate or ineffective simply because § 2255 relief has already been denied."
*Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).  Here, the petition indicates that the court that sentenced petitioner has denied his motion for relief under § 2255 and petitioner has not demonstrated the inadequacy or ineffectiveness of this remedy.  Therefore, this Court cannot entertain his petition and the petition will be dismissed.  A separate order accompanies this memorandum opinion.

                                                                /s/
                                        JOHN D. BATES
Date:  May 14, 2008                  United States District Judge